# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

MELODY WILLIAMS,

        Petitioner,  :  Case No. 3:15-cv-113

 - vs -        District Judge Thomas M. Rose
                           Magistrate Judge Michael R. Merz

WANDA JACKSON, Warden,
 Dayton Correctional Institution,
                           :
        Respondent.

## REPORT AND RECOMMENDATIONS

This is a habeas corpus case brought *pro se* by Petitioner Melody Williams to challenge her confinement in Respondent's custody on a conviction in the Lucas County Court of Common Pleas for aggravated murder, aggravated arson, aggravated burglary, and two counts of tampering with evidence with a consequent sentence of fifty-nine years to life imprisonment (Petition, Doc. No. 1, PageID 1).[1]  The case is before the Court for initial review pursuant to Rule 4 of the Rules Governing § 2254 Cases which provides in pertinent part:  "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in

---

[1] When any document is filed with this Court, the Court's electronic filing system affixes a unique Page Identification Number in the upper right hand corner of every page.  The attention of the parties is directed to this Magistrate Judge's Standing Order of May 8, 2014, which provides in pertinent part "All references to the record in this Court must be to the filed document by title, docket number, and PageID reference.  (E.g., Defendant's Motion to Dismiss, Doc. No. 27, PageID ___.)"  The large majority of cases before this Magistrate Judge are habeas corpus cases with large state court records and correct citation to the record is critical to judicial economy.  Therefore, nonconforming filings will be stricken.

1

the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." The case has been referred to the undersigned pursuant to the Dayton location of Court General Order of Assignment and Reference.

Ms. Williams purports to file this action on behalf of herself and many other women confined at Dayton Correctional Institution. The body of the actual habeas corpus petition (PageID 1-15) contains no actual claims for relief in habeas corpus. Instead, Ms. Williams has attached an Affidavit in which she asserts on behalf of herself and "all parties involved." (Doc. No. 1-1, PageID 16.) Later in the same filing she defines "all parties involved" as including "all indigent prisoners in the State of Ohio who were represented by the State of Ohio's indigent defense system." *Id.* at PageID 27. Just above her signature on PageID 28, Ms. Williams demands trial by jury, injunctive relief, damages in excess of $100,000, and immediate release. Beginning at PageID 37 there is attached to the Petition what appears to be intended to be a complaint under 42 U.S.C. § 1983 about prison conditions at Dayton Correctional Institution. Then beginning at PageID 49 there is another complaint about excessive fines and fees, again purporting to state a class action. Commencing at PageID 64 is another complaint about the "three tier system of Administrative Rule 5120-9-31." Finally, commencing at PageID 67 is another complaint, also seeking class certification, about infringement of the rights to access to the courts.

As it relates to Ms. Williams individually, the Petition does not state a claim upon which habeas corpus relief can be granted. Federal habeas corpus is available only to correct federal constitutional violations. 28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1 (2010)*; Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,*

2

463 U.S. 939 (1983).  The Court cannot tell whether Ms. Williams has a claim that she is imprisoned in violation of the Constitution because her Petition does not even attempt to state such a claim.  At the places where the form petition calls for stating grounds for relief, Ms. Williams has written that this portion of the form is N/A (i.e., not applicable) and then under supporting facts has written "'Class Action' Original Petition Third Request N/A." (Doc. No. 1, PageID 5.)  The standard form for habeas corpus actions under 28 U.S.C. § 2254 also calls for additional information that Ms. Williams has not provided.

As it relates to other persons, the Petition is improper because it purports to plead claims under 42 U.S.C. § 1983 in an action for habeas corpus.  Rule 12 of the Rules Governing § 2254 Cases provides "[t]he Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules."  However, class action status is completely inconsistent with habeas corpus jurisprudence.  A habeas corpus case involves an intensive examination of a particular state court criminal judgment to determine whether it complies with the United States Constitution.  It is not the correct vehicle for a class-based challenge to conditions of confinement.

Habeas corpus is also inappropriate for a general challenge to Ohio's "indigent defense system."  To obtain habeas corpus relief on the basis that a petitioner has received ineffective assistance of trial counsel requires proof that a particular lawyer in a particular case performed deficiently in one or more respects and that deficient performance prejudiced the petitioner's case.  *Strickland v. Washington,* 466 U.S. 668 (1984).  Those are questions not amenable of proof on a class basis.

Because the Petition fails to state a claim upon which habeas corpus relief can be granted,

3

it should be dismissed without prejudice to Ms. Williams' filing a new habeas corpus petition which challenges only her own conviction and includes the information required by the standard § 2254 form. Based on her proof of indigency, the Court is prepared to grant her *in forma pauperis* status for such a case. The Court is advised, however, that Ms. Williams presently has a pending habeas corpus case in the United States District Court for the Northern District of Ohio, Case No. 3:14-cv-2472. She is advised that she may not file a "second or successive" habeas corpus petition without permission in advance from the United States Court of Appeals for the Sixth Circuit.

The Petition should also be dismissed without prejudice as to the conditions of confinement claims purportedly made under 42 U.S.C. § 1983. A complaint under § 1983, which potentially can be certified as a class action, must be filed separately from any habeas corpus petition. If Ms. Williams desires to re-file such a case, the Clerk will furnish her on request with the appropriate forms. She is cautioned, however, that under the Prison Litigation Reform Act, she will be required to pay the full filing fee, although she may be permitted to pay it in installments.

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that the Petition herein be dismissed without prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be

4

permitted to proceed *in forma pauperis*.

April 7, 2015.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).